Motion for Detention Pending Trial

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
6/25/     20 26
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No. 3:26-mj-00694 (MEG) |
| | ) | |
| Luis Jose Freites Arvilla | ) | |
| | ) | |

**MOTION FOR DETENTION PENDING TRIAL**

**Part I - Eligibility for Detention**

The United States respectfully moves for pretrial detention pursuant to:

❒  **18 U.S.C. § 3142(f)(1) because the case involves–**

  ❒  **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❒  **(B)** an offense for which the maximum sentence is life imprisonment or death;

  ❒  **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 § 951 et seq.), or Chapter 705 of Title 46;

  ❒  **(D)** any felony, and the defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

  ❒  **(E)** any felony that is not otherwise a crime of violence that involves a minor victim or that

1

Motion for Detention Pending Trial

---

involves the possession or use of a firearm or destructive device (as those terms are defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250.

☐ **18 U.S.C. § 3142(f)(2) because the case involves–**

    ■ **(A)** a serious risk that the defendant will flee;

    ☐ **(B)** a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

## Part II - Presumptions under § 3142(e)

☐ **(A) Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

Motion for Detention Pending Trial

_____

    ❏   **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ❏   **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; and

   ❏   **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

   ❏   **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

   ❏   **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏   **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

_____

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Part III

The United States requests that the defendant be detained, and requests that the court find:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

■ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following:

■ Weight of evidence against the defendant is strong

■ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

**Motion for Detention Pending Trial**

_____

       ❐   History of violence or use of weapons

       ❐   History of alcohol or substance abuse

       ■   Lack of stable employment

       ■   Lack of stable residence

       ■   Lack of financially responsible sureties

       ■   Lack of significant community or family ties to this district

       ■   Significant family or other ties outside the United States

       ■   Lack of legal status in the United States

       ■   Subject to removal or deportation after serving any period of incarceration

       ❐   Prior failure to appear in court as ordered

       ❐   Prior attempt(s) to evade law enforcement

       ❐   Use of alias(es) or false documents

       ❐   Background information unknown or unverified

       ❐   Prior violations of probation, parole, or supervised release

■   OTHER REASONS OR FURTHER EXPLANATION:


See next page.

**Motion for Detention Pending Trial**

OTHER REASONS FOR DETENTION OR FURTHER EXPLANATION, CONTINUED FROM PREVIOUS PAGE:

Detention is appropriate pursuant to 18 U.S.C. § 3142(f)(2)(A), § 3142(e)(1), and the factors found in § 3142(g). This case involves a coordinated and sophisticated effort, detailed in the criminal complaint affidavit, involving at least four coconspirators who stole over $500,000 from ATMs in stores and rest stops throughout Connecticut over the course of approximately 10 days in August of 2025.

The weight of the evidence is strong. The defendants, including this one, are seen on surveillance footage obtained from the victim locations and compared to known images of the defendants obtained from Department of Homeland Security immigration files. Additionally, according to cell site location information, the defendant's phone was located at at least two of the victim locations, around the time of the thefts, on two separate days. Data obtained from third parties, including Google, show that the defendant made a purchase at one of the victim locations around the time of another theft, had searched the internet for information related to ATM skimming and "NCR-Atleos" – the company that manufactured some of the victim ATMs, and had visited websites related to electronic items used to steal from ATMs. A series of photos obtained as part of this investigation show various individuals, including this defendant, in a room counting a large amount money just hours after one of the ATM-based thefts that resulted in a $136,000 loss. And, among other things, a search warrant executed on a room where the defendant has stayed in Massachusetts included clothes related to the ATM-based thefts.

The defendant has no known ties to the District of Connecticut. Furthermore, he has domestic ties outside the District of Connecticut, but even those are not strong ties. He apparently moved to Massachusetts within the last year, had been living with or near his brother (a coconspirator) in New York before that, and has ties to another coconspirator who lives in North Carolina. He was arrested while sleeping in his car on the street in New York. Significantly, the defendant has no legal status in the United States and is believed to have continued ties to his native country of Venezuela.

The defendants tried to shield their identities by attempting to cover facial features and changing clothes while executing the thefts, and misused license plates that were not actually associated with the vehicles they were using. The FBI found such a license plate with Velcro on the back during a search of his room in Massachusetts.

The defendant has no known current, regular employment, and may still have access to the significant proceeds of the offense as the $500,000+ has not been located at this time and could assist the defendant and coconspirators in domestic or international flight to avoid prosecution.

The defendant is facing significant, combined penalties of: 15 years' imprisonment; 6 years' supervised release; restitution of over $500,000; special assessments of $200, and a fine of twice the gross gain or loss of the offense, or $500,000.

Motion for Detention Pending Trial
_____

**Part IV**

The United States requests that the court conduct the detention hearing:

■ at the defendant's first appearance;

☐ after a continuance of 3 days, to the extent not otherwise postponed because of

defendant's present incarceration on unrelated state charges.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

**/s/ Daniel George**
_____

Daniel George

ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. phv207404
US Attorney's Office
Bridgeport Office
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604
Tele: (203) 696-3000
Fax: (203) 579-5575

CERTIFICATION OF SERVICE

A copy of this motion was served in-person to all parties on this 25th day of June, 2026.

**/s/ Daniel George**
_____
Daniel George
ASSISTANT UNITED STATES ATTORNEY